DECISION
Robert M. Lancione, defendant-appellant, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations. The court adopted a magistrate's decision, which found that a sufficient change of circumstances had occurred to justify a modification of appellant's child support obligations. We affirm.
Appellant and Mary C. Lancione, plaintiff-appellee, were divorced in 1984. Appellant was required to pay child support for two children born while the parties were married. On March 22, 1999, appellant filed a motion requesting a modification of his child support obligations concerning one of the parties' children. On December 8, 1999, the magistrate held "that there has been a change of circumstances sufficient to justify a modification of the child support obligation of the [appellant] and that the modification should be effective not later than the date of filing the pending motion." The court adopted the magistrate's decision and held that "there is no error of law or other defect on the face of the Magistrate's decision." Appellant filed no objections to the magistrate's decision. On January 10, 2000, appellant filed an appeal of the trial court's judgment entry and has presented the following assignment of error:
 THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO, DIVISION OF DOMESTIC RELATIONS ERRED IN APPROVING THE MAGISTRATE'S DECISION BASED UPON AN IMPUTATION OF INCOME $27,351.00 GREATER THAN APPELLANT'S GROSS INCOME.
We first note that the issue presented in appellant's assignment of error is an issue appellant could have presented as an objection to the magistrate's decision. Civ.R. 53(E)(3)(b) states in part: "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Objections to magistrate decisions "shall be specific and state with particularity the grounds of objection." Id. An appellate court is not required to address on appeal any issue which is not specifically addressed in a properly filed objection to a magistrate's decision. Ayer v. Ayer (June 30, 2000), Hamilton App. No. C-990712, unreported. "Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." Huffman v. Huffman
(June 21, 2000), Mahoning App. No. 98 CA 136, unreported.
Therefore, having reviewed the record, we overrule appellant's assignment of error because he cannot assign as error on appeal the court's adopting of any finding of fact or conclusion of law without complying with Civ.R. 53(E)(3). We note that appellant also failed to file a request for findings of fact and conclusions of law pursuant to Civ.R. 53(E)(2). Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed.
DESHLER and PETREE, JJ., concur.